COPY
1

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOCKER NO. 1: CV-01-1226

INS FILE # A41-928-716

GLADWIN WILSON

vs.

IMMIGRATION & NATURALIZATION SERVICE

ON PETITION FOR REVIEW OF A FINAL ORDER OF
A DEPORTATION ISSUED BY THE
BOARD OF IMMIGRATION OF APPEALS
ON MAY 10, 2000

PETITIONER BRIEF

FILED
HARRISBURG
JUL 0 2 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

GLADWIN WILSON
c/o Snyder County Prison
600 Old Colony Rd.
Selinsgrove, PA  17870

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


GLADWIN WILSON                              :
       Petitioner,                       :
                                                :
-vs-                                        :      DOCKET NO.
                                                :
IMMIGRATION & NATURALIZATION SERVICE        :
       Defendant.                        :
                                                :

## HABEAS CORPUS PETITION CHALLENGING THE ORDER OF DEPORTATION

Petitioner pro se person and respectfully submits this petition.

Petitioner urge this Honorable Court to construe this petition liberally and cure all procedural errors as adjudged by the United States Supreme Court to States and Federal Court in **Haines v. Kerner, 404 U.S. 519, 520 (1972).**

NOW COME the petitioner, Gladwin Wilson, pro se, seeking for this Honorable court to grant this petition for habeas corpus for review the final order of removal issue by the Board of Immigration of Appeals, hereinafter BIA.

The petitioner received a final order of deportation from the BIA on May 10, 2000, in that the petitioner was convicted of an aggravated felony under Section **101 (a)(43)(R)** and **(U)** of the **Act 8 U.S.C.** But unfortunately the statues have been misconstrued by the BIA, in that the BIA and previously the INS, failed to prove the underlying offense that established the conspiracy under Section 371.

since the underlying offense is not an aggravated felony as defined under the Immigration Laws, the petitioner can not be violation of 101 (a)(43) of the **Act.**

Wherefore, for the forgoing reasons the petitioner prays this Honorable Court grants the relief as the petitioner is not in violation of 101 (a)(43) of such said Act.

DATED 6/27/01

RESPECTFULLY SUBMITTED

*Gladwin Wilson*
GLADWIN WILSON

## 1. JURISDICTIONAL STATEMENT

The Petitioner, Gladwin Wilson, seeks review of an Order of the Board of Immigration of Appeals dated May 10, 2000, where the Board Affirmed the Decision of the Immigration Judge, which found that the respondent had been convicted of an aggravated felony under Section **101(a)(43)(R) and (U)** of the **Act 8 U.S.C.** Section **1101(a)(43)(R),(U)** and therefore, not statutorily eligible for asylum under Section **208 (a) of the Act.** The goverment filed a Motion to Dismiss stating that Section **242 (c)** of the **INA, 8 U.S.C.** Section **1252 (c),** bars judicial review of Removal Orders against an alien found removable by reasons of a conviction for an aggravated felony. The **INS** alleges that the court lacks subject matter jurisdiction.

## II. STATEMENT OF SUBJECT MATTER JURISDICTION

This court has subject matter jurisdiction to determine:

a)   Whether a Petitioner is, in fact, an alien;

b)   Whether the Petitioner, in fact, committed a criminal offense enumerated in **INA** Section **242 (a)(2)(C).** See <u>Lewis vs. INS</u>, 194 F. 3d 539 (4th Circuit 1999) and <u>United States vs. Baron-Medina</u>, **No. 98-50493. 1999 WL 626876 (9th Cir. August 19, 1999).**

The Court also has jurisdiction over these matter because the Executive Office of the Immigration Review, Philadelphia Office, lay within the District of the Middle District of Pennsylvania, United States District Court.

### 111.   STATEMENT OF STANDARD OF REVIEW

Because the BIA conducted an independent determination of the record, the question is whether or not the BIA had substantial evidence to support its conclusions.

### IV.   STATEMENT OF QUESTION PRESENTED

Whether the Petitioner committed crimes covered by Section **237 (a)(3)(B)(iii)** to trigger **INA 242 (a)(2)(C)**.

Whether the BIA was correct in Affirming the Decision of the Immigration Judge in finding that the INS met its burden of proof to sustain an aggravated felony charge against the Petitioner under 237 (a)(3)(B)(iii).

Whether the Decision of the BIA can be sustained when there is a close issue of fact as to whether or not the alian did an aggravated felony versus the traditional issues of a clare issue of law as to whether or not the Petitioner did an aggravated felony.

### V.   STATEMENT OF THE CASE

On April 7, 1998, the Petitioner was convicted of conspiracy to utter and possess forge and counterfeit securities in violation of **18 U.S.C.** Section **371** and sentenced to one year and one day imprisonment. On October 15,1999, the Immigration Judge found the Petitioner to be removable as charged. The Immigration Judge pre-terminated the Respondent's Application for asylum under **208 (a)** of the Immigration Nationality Act and denied his Application for Withholding of Removal and Deferral of Removal. The Service issued a Notice to Appear, charging the Petitioner

with an aggravated felony under Section 101 (a)(43)(R). Subsequently, the service amended its Notice to Appear to include Section 101 (a)(43)(U).

## VI. STATEMENT OF THE FACTS

Whether or not the Petitioner committed crimes sufficient to trigger **INA** Section **242 (a)(2)(C)**. Specifically, Section **242 (a)(2)(C)** of the **INA, 8 U.S.C.** Section 1252 (a)(2)(C), provides: "Notwithstanding any other provision of the law, no Court shall have jurisdiction to review any Final Order of Removal against an alien who is removable by reasons of having committed a criminal offense **covered** [emphasis added] in Section...1227 (a)(2)(A)(iii) [Section 237 (a)(3)(B)(iii)]... of this title..." **INA** Section **242 (a)(2)(C), 8 U.S.C.** Section 1252 (a)(2)(C)(Supp. II 1997); **Illegal** Immagration Reform and Immigration Responsibility Act of 1996 (**"IIRIRA"**) Section 306 (a)(2), **Pub.L.No. 104-208, 110 Stat. 3009-546, 3009-626.** Plainly stated, did the Immigration Service establish the charge of Section 237 (a)(3)(B)(iii) based on Petitioner's conviction plea of conspiracy to violate 18 **U.S.C.** Section **371.**

In the past the Government has cited **Liang vs. INS, 206 F. 3d 308 (3rd Circuit 2000)** wherein the Court applied Section 242 (a)(2)(C) and held that "we lack jurisdiction over... the Petitioner for Review filed by...alien's with criminal convictions that render them removable under the INA". **Id. At 323**; see also Id. at 310 n1. ("We use a term vote alien with a criminal convictions to refer to an alien who has been convicted of one or more crimes listed in INA section 242 (a)(2)(C). The key issue presented

within this brief is whether or not the crimes of the Petitioner are **covered** by Section 242. It is Petitioner's position that these crimes do not place him under the jurisdictional bar construed under INA Section 242 (a)(2)(C) because his conviction is not sufficient to establish an aggravated felony under Section 237 (a)(2)(A)(iii), 8 U.S.C. Section 1227 (a)(2)(A)(iii).

### VII.   SUMMARY OF ARGUMENT

The Petitioner plead guilty of violating **18 U.S.C.** Section **371.** Section **371** is a divisible statute. These are:

    a)    Conspiracy to violate another Federal Criminal statute and has, as a necessary element, the **MENS REA** required to violate another criminal statute.

    b)    Conspiracy to defraud the United, which does not require reference to any Federal statute, much less proof of the **MENS REA** necessary to violate that statute.

In this case, an ambiguity exists as to which of the two provisions Petitioner was found guilty of. Was it conspiracy to defraud the United States or conspiracy to violate any other Federal statute. Indeed, judgment of conviction makes a reference to **18 U.S.C.** Section **513,** but fails to specify which divisible part applies.

Section **101 (a)(43)(U)** provides that a conspiracy to violate any of the aggravated felony provisions under the INA Act also constitute an aggravated felony. A conviction for conspiracy to defraud under the defraud clause of Section **371** simply does not constitute a conviction for conspiracy to commit any other

substantive criminal offense under the **INA**. Accordingly, conviction under the fraud clause simply do not constitute a conviction for conspiracy to violate any other provision of the United States Code and cannot sustain the Service charge under Section **101 (a)(43)(U)**.

In the alternative, the Service alleges an aggravated felony under **101(a)(43)(R)**. Upon analyzing each element of this Section, the Petitioner did not commit bribery, counterfeiting, forgery or trafficking in vehicles with altered identification nunbers. <u>The Service failed to prove the underlying offense that established the conspiracy under Section 371</u>. If the underlying offense is not an aggravated felony as defined under the Immigration Laws, then conspiracy of attemp to commit does not constitute violation of **101 (a)(43)** of the Act.

## VIII  ARGUMENT

The Service originally charge the Petitioner under a Notice to Appear under Section **101(a)(43)(R)** of the Immigration Naturalization Act of **1952** as amended (the "Act") and then later amended their change to claim that the Petitioner actually falls under the aggravated felony definition in Section **101(a)(43)(U)** because he has assertively been convicted under **18 U.S.C.** Section **371** of a conspiracy to violate **18 U.S.C.** Section **513**.

This brief will demonstrate that the Immigration Service failed to meet its burden of proof both on the judgment of conviction itself and the Decision by the Board of Immigration of Appeals in **Matter of Marchena**, 12 I & N Dec. 355 (BIA 1967) to establish an aggravated felony under Section **101(a)(43)(U) or(R)**.

-5-

Under **Marchena, Ib.,** The **BIA** held that when a criminal charge sets out a statutory violation by different means that would and would not bring an alian within a deportable criminal category, the conviction record simply does not establish the Petitioner,s deportability on the alleged criminal grounds. Therefore, the question is whether the INS conviction record established that the conviction of a conspiracy to violate 18 **U.S.C.** Section **513** is an aggravated felony.

Under **Lok vs. INS, 548 F. 2d 37,39 (2d Cir.1977)** See also **INS vs. Cardoza-Fonseca, 480 U.S. 421,449 (9187)**("[d]eporation is always a harsh measure"); **Ng Fung Ho vs. White, 259 U.S 276, 284(1922)** deportation may "result...in loss both property and life; or of all that makes life worth living". Moreover, this is patticularly true since Petitioner's removal may separate him from his brothers, three children, and his wife here in the United States. Particulary, one of the children has a leraning disability and attends a special education program. The Family and the relationship between members are a fundamental part of the values that underlay the society **Basidas vs. INS, 609F. 2d 101,105(3d Cir. 1979).** because of this, the Service has the burden of proving by clear and convincing evidence. **See Woobby vs. INS, 385 U.S. 276(1966).** this burden of proof has been codified under what is now Section **240(c)(3)** of the Immigration Act, which requires the Immigration Service to establish deportability by "clear and convincing evidence" and that "[n]o decision on deportability shall be valid unless it is based on reasonable, substantial probative evidence".

-6-

Any ambiguity in the construction of the Act must be resolved in the Petitioner's favor under the principles of lenity. **Ce.g, INS vs. Errico**, 385 U.S. 214,225(1966). As **Janvier vs. United States**, 527F. 2d449,455(2nd Circuit 1986) summarized this settled rule, "to extent that there is any doubt as to Congress intention, we resolve that doubt in construing [a deportation statute] as providing the Petitioner's as much protection as posible". See also **Lennon vs. INS, 527 F.2d 187 (2d Cir. 1975)**("deportation statutes must be construed in favor of the alien"); **Lok vs. INS, 548 F. 2d at 39** ["settle doctrine, that deportation statutes, if ambiguous, must be construed in favor of the alien"]. Lastly, in determining the burden of proof of the Immigration Service and the **BIA**, there is a question of whether a particular criminal offense falls within a deportable category. In that case, the Board looks to the statutory elements of the offense. See **Matter of Espinoza**, Int. Dec. 3902 (1999) **(en banc)(aggravated felony); Matter of Sweetser**, Int. Dec. 3390 **at 6 holds, citing** Pichardo, "When a statute under which an alien was convicted is divisable, we look to the record of conviction and to other documents admissible as evidence in providing a criminal conviction, to determine whether the specific offense of which the petitioner's was convicted will sustain a ground of deportability under [an aggravated felony charge]. The focus is on the elements required to sustain the conviction. In this, **IIRIRA** has codified what is admissible evidence under Section 240 (c)(3)(B).

In the Peyiyioner's case, the applicable statute is **18 U.S.C.** Section **371**. This statute is divisible. Under **United States vs. Alston, 77 F.3d 713,718 (3d Cir. 1995)** stated " Section 371 refers to two types of conspiracy: [1] conspiracy to commit a substantive offense prescribed by another statute [the 'offense clause']; and [2] conspiracy to defraud the United States [the 'defraud clause']...".

The offense clause punishes an agreement to engage in conduct that would violate another provision of the Federal penal Code, whereas, the conspiracy to defraud clause makes it a crime to conspire to defraud the United States. These separate divisible provisions of Section 371 have distinctly different elements. Under the offense provision, the government "must prove whatever level of **MENS REA** is required for conviction of the underlying offense". **Alston, 77F. 3d at 718.**

By contrast, to violate Section 371 under the divisible provision of the defraud clause, there is no such element that requires reference to any other statute. Indeed, as **Alston, 77F. 3d at 718 holds** "while the 'offense clause' does not, simply because the substantive offense (fraud) is contained in the statute [Section 371] itself". **See also Treatise** Section **2.15 at 86** ("since defendants can usually be convicted under the conspiracy to defraud clause, even if they have not violate any criminal statute, the clause can be a powerful weapon for prosecutors". Therefore, the defraud provision requires no reference to any other criminal statute. This was recognized by the Supreme Court under **Haas vs. Henkel, 216 U.S. 462,479 (1909)** where it held that the statute is broad enough in its

terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any Department of Government.

Section **101(a)(43)(U)** provides that a conspiracy to violate any of these designated substantive provisions will also constitute an aggravated felony. However, a conviction for conspiracy to defraud under the defraud clause of Section 371 does not constitute a conviction for conspiracy to commit any other substantive criminal offense, for as, **Alston** holds, "a substantive offense (fraud) is contained in the statute[**18 U.S.C.** Section 371] itself" **77F.3d at 718.** Additionally, a conviction for conspiracy under the defraud clause does not require a **MENS REA** for violating any other Federal statute as a **necessary legal element.**

Accordingly, conviction under the defraud clause simply does not constitute a conviction for conspiracy to violate any other provision of the United States Code and cannot sustain the Service charge under Section **101(a)(43)(U).** The Service cites no authority, much less controlling precedent, that sustains a charge under Section **101(a)(43)(U)** based upon conviction under the defraud clause of section 371. The Service cannot salvage the issue that as a matter of law, the defraud clause does not require any reference to any other Federal statute, much less prove the **MENS REA** necessary to violate another criminal statute.

The Supreme Court rejected any claim that the method alleged to carry out a conspiracy to defraud under Section 371 can be used to find conspiracy to defraud defense into a conspiracy to

-9-

violate another provision of the United States Code. **See Glasser vs. United States**, 315 **U.S.** 60,6667(1943)(charge of conspiracy to defraud grovernment allegedly affected by giving bribes, differs as a matter of law, from conspiracy to commit bribery).

In Petitioner's case, the Service on September 9,1999, submitted the indictment and judgment, along with a copy of the statute **18 U.S.C.** Section **513** into evidence. The judgment indicates a guilty plea under Count 1 of the indictment. **18 U.S.C.** Section **513** "makes, utters or possesses a counterfeit security of a state or a political subdivision...or of an organization **or** [emphasis added] whoever makes, utters or possesses or forged security of a state or political subdivision...or of an organization, with intent to deceive another person, organization, or government...". The substantive offense offered to support the conspiracy is, itself, divisible . The INS failed to specify which portion of the divisible provisions that it alleges petitioner was responsible for. Was it counterfeit or was it forgery? If it was forgery, then it would fall under the defraud provisions of Section 371 and cannot satify either Section **101(a)(43)(U),(R)**. On April 28,1999, the Service offered evidence of an **I-213**. The I-213 never even mentions **18 U.S.C. 513**. According, it also fails to specify which portion of the divisible provisions under Section 513 are responsible to petitioner. The Service, again, offered the judgment from the criminal case and also failed to specify which provisions of the divisible section under 513 are appropriate to support Section 371. Reguarding **101(a)(43)(U)**, these distinctions are important because of the

Service's apparent reliance on this section. On a Brief in response to a Motion to Reopen and Motion for Stay filed by the government on March 16, 2000, the government never even cites 101(a)(43)(R). The government states specifically subsection "U" and even states, "in addition, the addition of subsection 'U' does not in any way alter or prejudice the Respondent". The government also introduced the pre-sentencing investigation report on June 15, 1999, which never cites **18 U.S.C. 513** or any of its divisible provisions. Therefore, Petitioner's position that the defraud clause of Section 371 is what applies in his particular case is sufficiect to establish that he did not commit a aggravated felony, because of the failures of the government to prove its case.

In summary, the legal elements of Section 371 under the divisible provision to defraud simply does not include a conspiracy to violate **another** Federal statute. Therefore, a conviction for conspiracy to defraud under Section 371 cannot satisfy a charge under Section **101(a)(43)(U)**.

Construing Section **101(a)(43)(U)** must be resolved in Petitioner's favor under the principles of lenity, especially considering the fact that Congress, in enacting this provision, can certainly be presumed to have been familiar with the settle differences between a conspiracy to defraud and cocspiracy to violate another Federal statute. **C, eg Cannon vs. University of Chicago, 441 U.S. 677 (1979); Matter of Gomez-Giraldo, 20 I & N Dec. 957n3(BIA 1995)** (Congress is "presumed to be cognizant of existing law pertinent to the legislation it enacts").

-11-

The Service, over the objection of counsel, admitted the pre-sentencing report and indictment, which are not listed as an admissible document to prove a criminal conviction under Section 240(c)(3)(B). At the same time, relying on the indictment, the Service also attempts to argue that the Petitioner was nevertheless convicted of conspiracy to violate 101(a)(43)(R). The Petitioner was never personally interviewed for the pre-sentencing report.

If the underlying offense is not an aggravated felony as defined under the Immigration laws, then conspiracy of attempt to commit does not constitute a 101(a)(43)act. Under **Hirsh vs. INS**, 308 F. 2d 562(9th Cir. 1962), the Court granted a petition for Review, setting aside an Order of Deportation on the ground that proof of the conviction on an indictment charging that the defendant had made flase statements to a Federal agency under statute couched in disjunctive language, did not establish moral turpitude justfying deportation. Similarly under **Matter of Davis**, **Int. dec. 3181 (BIA 1992)**, the court determined whether a conviction for any attempt or conspiracy to commit a drug-related crime constitutes any elicit trafficking and any controlled substance within the meaning of 101(a)(43) of the Act, must be based on drug-related substance offense underlying the attempt or conspiracy.

Under **18 U.S.C. Section 371**, there are several different potential substantive offenses. Was it forgery or counterfeiting or bribery? Nothing within the record or the admissible evidence alleges that the Petitioner was a public official, thus

-12-

eliminating bribery.

The Immigration Service failed to identify which divisible Section of 18 U.S.C. 513 was the substantive conviction that underlines the conspiracy charge under 18 U.S.C. 371. Under **Matter of Albillo-Figueroa,A37-743-587 (BIA Feb 27,1998)**, the Board of Immigration of Appeals determined that the Respondent's conviction of uttering counterfeit obligations and securities under Title 18 U.S.C. Section 371, was in fact, a violation of 18 U.S.C. Section 424 for the particular Respondent in that case. This finding was done purpose of determining an aggravated felony under INA Section 101(a)(43)(R).

In the present case, the government failed which divisible section of 18 U.S.C. 513 is the underlying substantive offense that supported the conspiracy in Pititioner's case. They never analyzed the substantive offense of 18 U.S.C. 513, title Uttering Counterfeit Obligations or Securities. Petitioner's viewed 18 U.S.C. 472 Note 10, which states that endorsement on an abligation is not an obligation, and forgery of endorsement is not a frogery of obligations. **See Gesell vs. United States**, (1924, CA 8 Minn) **1 F.2d.283; United States vs. Garner**, **(1976, CA6 Tenn) 529F.2d. 962, cert denied (1976) 426 U.S. 922.**

Since Petitioner's criminal acts constitue a double endorsement with his real name on the obligation and depositing that endorsement, Petitioner's endorsing his own name and address on a check does not subject him to the substantive offense of forgery because the sole act of endorsement is not forgery as defined by 18 U.S.C. Section 472 and prescribed by the BIA under **Matter**

-13-

of **Albillo-Fiqueroa, Ib.**

In the instant case, the Petitioner was given a real check made out to a real corporation and endorse by the owner. The check was then endorsed by the Petitioner with his real name and address. The BIA failed to analze forgery. Under **United States vs. Brown**, (1957 CA2 NY) 246 F. 2d.541, the court indicated that a genuine draft with falsely made documents essential to make the draft collectible was not considered "falsely made" security within the meaning of 18 U.S.C. 2314. Under **Hall vs. United States**, Ib., the court held that using a ficitious name may constitute flase making of forgery. In the Petitioner's case, he did not endorse with a fictitious name. Where a person merely represents his authority and does not use a false name, such conduct does not constitute forgery. Under **Cunningham vs. United States** (1959 CA4 NC) 272F 2d.791. The petitioner could not have been guilty of forgery and at best, could have been guilty of false pretenses, which would not fall within the definition of 101(a)(43)(R), and could only tenuously fall under 101(a)(43)(M), which was not charged or prosecuted. This conclusion is based under the proposition established by **Gesell vs. United States**, Ib., Where it is stated that an endorsement on an obligation is not sufficient to constitute forgery on an obligation.

This would also not fall under 101(a)(43)(U) because it should fall under defraud provision of the divisible sections.

Since the government has the burden of proof to establish an aggravated felony by clear and convincing, it appears that if the alien can reasonably rebut the derogatory evidence submitted,

-14-

then the INS has not met its burden of proof. therefore, there is ambiguity as to what part of the substantive offense the conspiracy charge under section 18 U.S.C. Section 371. that ambiguity should be view in light of the pititioner.

Accepting the government's argument at face value, the indictment indicates abiguity in that 371 has been violated in a manner that contitutes an aggravated felony (conspiracy to violate 18 U.S.C. Section 513) and in a matter that does not constitute an aggravated felony (conspiracy to defraud), just as in **Marchena**, where the alien had been charged with violating Section 1001 in a manner that constituted a crime involving moral turpitude (fraudulent statement) and in a manner that did not (false statement).

Under the controoling logic of **Marchena**, such a record simply does not propel the conclusion that the petitioner's guilty plea was to the manner of violating section 371 that would assertively constitute an aggravated felony, any more that Mr. marchena's plea was to a defraudulent statement rather than a false statement.

-15-

## VIII. CONCLUSION

In the final analysis, the petitioner's case is considerably stronger than that in **Marchena** for here, the judgment of conviction itself, the only properly admissible document on the issue of conviction offered by the Service, makes clear that petitioner was convicted of a conspiracy to defraud and makes no reference to which divisible part of **18 U.S.C.** Section **513** the petitioner did conspiracy to commit. **IIRIRA** strongly suggests that judgment of conviction itself should be given conclusive weight since **101(a)(48)(A),** as enacted by that legislation, defines "conviction" as "a formal judgment of guilt of the alien entered by the Court", which is precisely what a judgment of conviction is. The judgment of conviction confirms that the petitioner was not convicted of a violation of Section **371** that constitutes an aggravated felony.

For the reasons discussed above, the Section **237(a)(3)(B)(iii)** charge must also fail, because the petitioner's has simply not been convicted of an aggravated felony. For all the above reasons, the proceedings against the petitioner, should not be sustained by the Board of Immigration of Appeals, and should be subject to review based on subject matter jurisdiction by the Middle District of Pennsylvania.

RESPECTFULLY SUBMITTED

*Gladwin Wilson*
Gladwin Wilson
Register # 9900345
Snyder County Prison
600 Old Colony Rd.
Selinsgrove, PA 17870

-16-