**See Attachment**

10
11/15/61
Jc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLADWIN WILSON,                    :
                                   :
        Petitioner                 :
                                   :        CIVIL NO. 1:CV-01-1226
        vs.                        :
                                   :        (Judge Caldwell)
IMMIGRATION AND                    :
NATURALIZATION SERVICE,            :
                                   :
        Respondent                 :



M E M O R A N D U M

## I.    Introduction.

The petitioner, Gladwin Wilson, has filed a pro se petition
for a writ of habeas corpus, cognizable under 28 U.S.C. § 2241.
Wilson, a citizen of Guyana, is challenging a final order of
removal based on a finding that he has been convicted of an
aggravated felony mandating deportation to Guyana.  Wilson argues
that the Immigration and Naturalization Service (INS) failed to
meet its burden of proving by clear and convincing evidence that
he committed an aggravated felony.

Finding that Wilson's judgment of sentence is adequate to
meet the agency's burden of proof, we will deny the petition.

## II.   Background.

Wilson entered the United States in 1988 and became a
permanent resident alien.  He married a naturalized American

Certified from the record
Date 11-14-01
Mary E. D'Andrea, Clerk
Per _____

citizen and has three children living in New York.  He is
currently under INS supervision awaiting removal to Guyana.

In January 1997, Petitioner was named in a two-count
indictment in the United States District Court for the Eastern
District of New York.  The indictment is not part of the record
before us, but it is uncontroverted that the first count charged
him with conspiracy under 18 U.S.C. § 371, the general conspiracy
statute.  Specifically, as the oral decision of the immigration
judge at the removal proceeding recited, Petitioner was charged
with:

> conspiracy to utter and possess forged and
> counterfeited securities of an organization,
> to wit: checks from the Lyndon Baines Johnson
> Health Clinic, with the intent to deceive
> another person, an organization, in violation
> of 18 U.S. Code 513(a).

(Doc. 6, exhibit 4 at p. 2).[1]

The second count charged him with the substantive offense of
uttering and possessing forged and counterfeited securities of the
Lyndon Baines Johnson Health Clinic with the intent to deceive
another person and organization in violation of 18 U.S.C. § 513(a)
and 18 U.S.C. § 2, relating to aiding and abetting, and for some
reason, 18 U.S.C. § 3551 et seq., relating to authorized sentences
for various federal offenses.

According to the sentencing order of April 7, 1998, Wilson

---

[1]In fact, at page 3 of the oral decision, the immigration judge
stated that he had been reading from the indictment.

pled guilty to count one, and the government dismissed count two. (Doc. 6, exhibit 2).  The sentencing order also described the offense under count one as a violation of 18 U.S.C. § 371 and that "the Defendant and others conspired to utter and possess forged & counterfeit securities."  (Id.).  With a minimum guideline sentence of twelve months, Wilson was sentenced to imprisonment for twelve months and one day.  (Id.).

In April 1999, the INS sent Wilson a Notice To Appear advising him of its intent to remove him from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A) (iii), on the ground that he had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), INA § 101(a)(43). (Doc. 6, Exhibit 1).[2]

Represented by counsel, Wilson had a hearing before an immigration judge.  From the immigration judge's oral decision, it appears that Petitioner contested his removability by attempting to distinguish the overt acts he personally committed in connection with the conspiracy from the conspiracy itself.  He argued that the overt acts constituted crimes other than

---

[2]In his petition, Wilson alleges that the Notice to Appear had specified that his conspiracy offense was an aggravated felony under 8 U.S.C. § 1101(a)(43)(R), INA § 101(a)(43)(R), and that later the Notice was amended to include subsection (a)(43)(U) as well, but there is nothing in the record to support this.  The adequacy of the Notice is not an issue in these habeas proceedings and, based on the circumstances of this case, would not appear to give rise to a meritorious issue in any event.

conspiracy, if indeed they were crimes, and hence he had not committed an aggravated felony.  In support, he pointed out that his participation in the conspiracy was limited to receiving checks made out to him in his own name, albeit checks from the proceeds of other checks that had been forged or counterfeited or both.

In addition to contesting removability, Wilson also made an application for asylum and, based upon a fear of torture or persecution, for withholding of deportation under 8 U.S.C. § 1231(b)(3), INA § 241(b)(3), and for deferral of deportation under the United Nations Convention Against Torture.

On October 15, 1999, the immigration judge issued his oral decision, ruling that Wilson had been convicted of an aggravated felony requiring his removal under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii).  In doing so, the immigration judge (correctly we think) rejected Petitioner's argument attempting to limit the issue of removability to consideration only of the overt acts he had committed as part of the conspiracy.  The issue was not whether he had committed overt acts that could be aggravated felonies but whether he had committed the crime of conspiracy to utter and possess forged and counterfeited securities and whether that was an aggravated felony.

In regard to the latter, the immigration judge concluded that Wilson's crime was an aggravated felony as defined in 8 U.S.C. §

-4-

1101(a)(43)(R) and (U), INA § 101(a)(43)(R) and (U), reasoning as follows. The indictment charged Wilson in count one with conspiracy under 18 U.S.C. § 371 to utter and possess forged and counterfeited checks from the Lyndon Baines Johnson Health Clinic with the intent to deceive another person or organization in violation of 18 U.S.C. § 513(a). Petitioner pled guilty to that count. His sentencing order (the judgment of conviction) noted his guilty plea to the count, describing the offense as a violation of 18 U.S.C. § 371 and that "the Defendant and others [had] conspired to utter and possess forged & counterfeit securities."

Section 1101(a)(43)(R), INA § 101(a)(43)(R), defines an aggravated felony as "an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year." Section 1101(a)(43)(U), INA § 101(a)(43)(U), defines an aggravated felony as "an attempt or conspiracy to commit an offense described in this paragraph [i.e., section 1101(a)(43)]." Since Petitioner was convicted of conspiring to utter and possess forged and counterfeited securities, and was given a sentence of a year and a day, his crime fit both definitions of an aggravated felony.

The immigration judge also ruled that Wilson's aggravated felony made him ineligible for asylum, and that his application

-5-

for withholding of deportation or deferral of deportation should be denied because he failed to meet his burden of showing that he would "more likely than not" be persecuted or tortured for any reason in Guyana. (Doc. 6, Exhibit 4).

Wilson appealed the immigration judge's decision to the Board of Immigration Appeals (BIA). On May 10, 2000, the BIA upheld the immigration judge. In June 2000, Wilson filed a petition for review of the BIA's decision in the United States Court of Appeals for the Third Circuit. See Wilson v. Attorney General, No. 00-1762 (3d Cir.)(Doc. 6, exhibit 5). According to the docket entries, the Attorney General filed a motion to dismiss the petition for lack of jurisdiction, and on August 22, 2000, the Third Circuit entered an order granting the motion. (Id.).

Wilson filed this habeas petition on July 2, 2001.


III.  Discussion.

A.   Whether the Third Circuit's Jurisdiction
     To Determine Its Jurisdiction on Petitions
     For Review Dealing With Aggravated
     Felonies Destroys Our Jurisdiction.

The respondent INS argues that we lack jurisdiction to entertain Wilson's habeas petition because habeas is only open to a petitioner when he has no other avenue of relief available. The INS asserts that Wilson did have available to him another forum in which to challenge his removability, a petition for review in the Third Circuit of the BIA's decision affirming the immigration

-6-

judge's order of removal.  See 8 U.S.C. § 1252, INA § 242.

The INS acknowledges that the Third Circuit's jurisdiction over petitions for review does not include jurisdiction to review a removal order based on an aggravated-felony conviction.  See 8 U.S.C. § 1252(a)(2)(C), INA § 242(a)(2)(C).  Nonetheless, it maintains that the Third Circuit's jurisdiction to determine its own jurisdiction when confronted by a petition for review potentially covered by section 1252(a)(2)(c) makes a petition for review an available avenue for relief, thus barring a habeas petition.  See, e.g., Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001)(ruling that it had jurisdiction to determine "jurisdictional facts" relating to the aggravated-felony issue but deciding that the alien had indeed committed an aggravated felony divesting it of jurisdiction over the petition for review); Francis v. Reno, ___ F.3d ___, 2001 WL 1224761, at *11 (3d Cir. 2001)(ruling that it had jurisdiction over a petition for review, and granting relief by vacating the order of removal, after rejecting the BIA's position that the petitioner had committed an aggravated felony).

In support of this position, the agency pulls language from a case dealing with collateral review under 28 U.S.C. § 2255 of a federal criminal conviction, Daniels v. United States, 532 U.S. 374, ___, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001)(quoted cases omitted), which noted, in pertinent part, that "a constitutional right . . . may be forfeited in criminal as well as

-7-

civil cases by the failure to make timely assertion of the right
before a tribunal having jurisdiction to determine it."
Respondent also relies on immigration cases covered by the 1996
changes to the immigration laws, string-citing <u>Santos v. Reno</u>, 228
F.3d 591 (5th Cir. 2000), and <u>Rivera-Sanchez v. Reno</u>, 198 F.3d 545
(5th Cir. 1999), and pointing to <u>INS v. St. Cyr</u>, ___ U.S. ___, 121
S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001), where the Supreme Court,
ruled that federal district courts still had jurisdiction over
habeas petitions under section 2241 challenging INS removal orders
after the 1996 changes, but observed that its ruling might have
gone the other way "[i]f it were clear that the question of law
could be answered in another forum . . ."

    We disagree with Respondent's position.  <u>Daniels</u> is not
relevant to the issue.  In that case, the petitioner sought to
challenge in 28 U.S.C. § 2255 proceedings a prior state-court
conviction that had been used to enhance his federal sentence
under 18 U.S.C. § 922(g) for being a felon in possession of a
firearm.  The Court refused to allow him to do so, holding that a
federal prisoner who has failed to pursue available remedies,
either state or federal, to challenge a prior conviction (or has
done so unsuccessfully) may not collaterally attack the
constitutionality of that conviction through a motion under
section 2255 directed at the federal sentence enhanced by that
conviction.  Thus, when the Court observed that "a constitutional

-8-

right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it," it did not mean any tribunal that might pass on the question in the course of disposing of a petitioner's filings, but one given the authority to dispose of the question.  In fact, since the Third Circuit has no jurisdiction to decide petitions for review from aggravated felons, Daniels supports Wilson rather than the INS since Daniels requires that the other tribunal be one "having jurisdiction to determine" the question.

As to the Fifth Circuit's decisions in Santos and Rivera-Sanchez, Santos actually discusses the issue before us (so it is odd that the agency only string-cites the case), and it does favor Respondent, but it is distinguishable on the precise argument being considered here (Respondent having put aside the fact that Wilson had filed a petition for review), that a petitioner is foreclosed from habeas relief under section 2241 because he has available a petition for review where his status as an aggravated felon will be determined as a jurisdictional issue.  In Santos, the alien had sought review of a removal order in the Fifth Circuit before filing his habeas petition, contesting the agency's ruling that he was an aggravated felon.  In that review, the Fifth Circuit decided that the alien had committed an aggravated felony and hence it had no jurisdiction over his petition.  Santos then

-9-

obtained favorable relief from the district court on a habeas

petition.  When the issue came up before the Fifth Circuit again

on the agency's appeal of the habeas ruling, the court of appeals

held that the district court lacked jurisdiction to entertain the

section 2241 petition because his claim that he had not committed

an aggravated felony "could have been, and indeed had to have been

(and in fact was), considered by this Court in resolving his

petition for review . . . ."  228 F.3d at 597.

     In our view, the crucial fact distinguishing Santos from

Respondent's argument is that Santos, correctly or not, had filed

a petition for review, and once he had filed it, the aggravated

felony issue had to be, and was, decided in resolving the

petition.  Here, on the other hand, (putting aside for the sake of

Respondent's argument the fact that Wilson did file a petition for

review), Respondent posits that the only recourse that an alien

like Wilson has is to file a petition for review, regardless of

the barrier to jurisdiction in section 1252(a)(2)(C), because in

determining its own jurisdiction to entertain the petition, the

Third Circuit will resolve the aggravated felony issue.

     We reject this position.  We believe it is foreclosed by the

Third Circuit's decision in Xu Cheng Liang v. INS, 206 F.3d 308

(3d Cir. 2000), cert. denied sub nom., Rodriguez v. INS, ___ U.S.

___, 121 S.Ct. 2590, 150 L.Ed.2d 749 (U.S. June 29, 2001).  In Xu

Cheng Liang, the INS made roughly the same argument it presents

-10-

here in an attempt to defeat district-court habeas jurisdiction

under the so-called permanent rules.  Rejecting the argument, the

Third Circuit stated: "If we were to accept this suggestion, it

would create the awkward situation of requiring analysis of the

merits of a petitioner's challenge in making a preliminary

jurisdictional determination."  206 F.3d at 322.  In addition, as

the Second Circuit reasoned in rejecting the same argument:

> [A]lthough we do retain jurisdiction to
> determine whether the jurisdictional bar of
> INA § 242(a)(2)(C) [1252(a)(2)(C)] applies,
> the fact that a court may entertain such
> jurisdictional issues does not mean that
> Congress has provided a substitute forum for
> the resolution of those issues on the merits.
> Our authority to address such "jurisdictional
> facts" stems not from Congress' creation of a
> particular remedy, but rather from the
> inherent jurisdiction of Article III federal
> courts to determine their jurisdiction.
> [citations omitted]  Thus, to say that a court
> possesses the authority to ascertain its
> jurisdiction over a matter is not tantamount
> to saying that the legislature has designated
> the court as a forum for resolution on the
> merits of those issues that happen to underlie
> the jurisdictional inquiry. [citations
> omitted].

Kuhali v. Reno, 266 F.3d 93, 100-01 (2d Cir. 2001).

Thus, since the Third Circuit has not been designated as a

forum to entertain Wilson's challenge to his aggravated-felony

status, and since the situation is in fact just the opposite, a

petition for review is not an available remedy that would bar

habeas jurisdiction here.

B.  The INS's Claim-Preclusion Argument.

Respondent next argues that Wilson's habeas petition is barred by claim preclusion (res judicata) based on the Third Circuit's order dismissing his petition for review on jurisdictional grounds upon the Attorney General's motion to dismiss the petition for lack of jurisdiction.

If the Attorney General's motion and the Third Circuit's order were part of the record before us and they indicated that Wilson's status as an aggravated felon was a determinative factor in dismissing the petition, we might agree with Respondent. However, we have no basis in the record for deciding that was a reason, so we reject this argument.

C.  Our Jurisdiction to Entertain
    This Habeas Petition.

Both the Supreme Court and the Third Circuit have recently confirmed that the 1996 changes to the immigration laws did not affect a district court's jurisdiction pursuant to 28 U.S.C. § 2241 to review either statutory challenges to a removal order, see St. Cyr, supra, 121 S.Ct. at 2287, 150 L.Ed.2d 347 (2001), or constitutional ones as well. See Xu Cheng Liang, supra; see also Sandoval v. Reno, 166 F.3d 225, 238 (3d Cir. 1999)(noting that section 2241(c)(3) "encompasses claims that one "is in custody in violation of the Constitution or laws or treaties of the United States'"); Steele v. Blackman, 236 F.3d 130 (3d Cir. 2001);

-12-

Chmakov v. Blackman, 266 F.3d 210, 2001 WL 1044599 (3d Cir. 2001);

Lee Moi Chong v. District Director, 264 F.3d 378 (3d Cir. 2001)

(reviewing the petitioner's constitutional, statutory and

regulatory claims presented on habeas to the district court).

In the instant case, Wilson asserts that the INS failed to

meet its statutory and regulatory burden of proving by clear and

convincing evidence that he committed an aggravated felony.  See 8

U.S.C. § 1229a(c)(3), INA § 240(c)(3); 8 C.F.R. § 240.8(a).  Based

on the foregoing precedent, we believe this claim is cognizable

under section 2241.  See also Kon Chol Yu v. Pasquarell, 1999 WL

33289706 (W.D. Tex.)(magistrate judge recommending acceptance of

jurisdiction over the same type of claim).  We therefore turn to

the merits of Wilson's claim.

   D.  Whether Wilson's Conviction For Conspiracy
       to Utter and Possess Forged and Counterfeit
       Securities Meets the INS's Burden of Showing
       By Clear and Convincing Evidence that He Has
       Been Convicted of an Aggravated Felony.

As noted above in the factual background of this petition,

aliens are subject to removal based on the commission of an

"aggravated felony."  8 U.S.C. § 1227(a)(2)(A)(iii), INA §

237(a)(2)(A)(iii).  In 8 U.S.C. § 1101(a)(43), INA § 101(a)(43),

some twenty-one offenses are defined as aggravated felonies.

Among other offenses, the term "aggravated felony" includes "an

offense relating to commercial bribery, counterfeiting, forgery,

or trafficking in vehicles the identification numbers of which

-13-

have been altered for which the term of imprisonment is at least

one year."  8 U.S.C. § 1101(a)(43)(R), INA § 101(a)(43)(R).  The

term also includes an "an attempt or conspiracy to commit an

offense described in this paragraph [§ 1101(a)(43)]."  8 U.S.C. §

1101(a)(43)(U), INA § 101(a)(43)(U).

In making his argument, Wilson does not dispute that he is an

alien, that he was charged and convicted under 18 U.S.C. § 371[3]

with conspiracy to violate 18 U.S.C. § 513,[4] and that he was

---

[3]18 U.S.C. § 371, captioned "Conspiracy to commit offense or to
defraud United States," reads as follows:

> If two or more persons conspire either to commit any
> offense against the United States, or to defraud the
> United States, or any agency thereof in any manner or for
> any purpose, and one or more of such persons do any act
> to effect the object of the conspiracy, each shall be
> fined under this title or imprisoned not more than five
> years, or both.

> If, however, the offense, the commission of which is the
> object of the conspiracy, is a misdemeanor only, the
> punishment for such conspiracy shall not exceed the
> maximum punishment provided for such misdemeanor.

[4]18 U.S.C. § 513, captioned "Securities of the States and
private entities," in relevant part, reads:

> (a) Whoever makes, utters or possesses a counterfeited
> security of a State or a political subdivision thereof or
> of an organization, or whoever makes, utters or possesses
> a forged security of a State or political subdivision
> thereof or of an organization, with intent to deceive
> another person, organization, or government shall be
> fined under this title or imprisoned for not more than
> ten years, or both.

> (b) Whoever makes, receives, possesses, sells or
> otherwise transfers an implement designed for or
> particularly suited for making a counterfeit or forged

-14-

sentenced to one year and one day as a result of his conviction.
Ignoring the factual description of his crime in his judgment of
conviction, Petitioner focuses instead on section 371 and asserts
there is an ambiguity as to which part of the section applies to
him: (1) conspiracy "to commit an[ ] offense against the United
States"; or (2) conspiracy "to defraud the United States." He
argues that this ambiguity must be resolved in his favor (and
against removability) by assuming that he was convicted of
conspiracy to defraud the United States. He then maintains that
conspiracy to defraud the United States is not a felony listed in
section 1101(a)(43), INA § 101(a)(43), thus leading to the
conclusion that he has not committed an aggravated felony as
defined in section 1101(a)(43)(R). He also reasons that he could
not have been in violation of section 1101(a)(43)(U), INA §
101(a)(43)(U), since he could not have been guilty of a conspiracy
to commit an offense described in section 1101(a)(43).

Petitioner makes other arguments against the finding that he
has committed an aggravated felony. He notes that section 513 is
in the disjunctive as to counterfeiting and forgery, making it an
offense against the United States to utter or possess a
counterfeit *or* forged security and contends that the government
failed to prove which offense he committed. He also argues that

-------------------------------------------------

security with the intent that it be so used shall be
punished by a fine under this title or by imprisonment
for not more than ten years, or both.

his presentence report and indictment were improperly entered into

evidence at his immigration hearing in violation of 8 U.S.C. §

1229a(c)(3)(B), INA § 240(c)(3)(B).  Reiterating an argument

presented at his immigration hearing, he further contends that he

did not commit an aggravated felony because his overt acts in

connection with the conspiracy were not themselves aggravated

felonies.  Finally, conceding that his judgment of sentence was

properly considered, he argues that it clearly shows that he was

convicted of a conspiracy to defraud and that it does not show

which part of section 513 he violated.

      We think the judgment of conviction disposes of all of

Petitioner's claims.  To begin with, and contrary to Petitioner's

contention, the judgment of conviction plainly shows that he was

convicted of a conspiracy to commit an offense against the United

States, not a conspiracy to defraud the United States, and that

the underlying offense was a violation of section 513(a) as a

conspiracy to utter and possess counterfeit and forged securities.

The judgment of conviction described the offense under count one

as a violation of 18 U.S.C. § 371 and that "the Defendant and

others conspired to utter and possess forged & counterfeit

securities."  This was sufficient evidence in itself to establish

that Wilson had committed an aggravated felony by clear and

convincing evidence, and as reasoned by the immigration judge,

within the definitions of section 1101(a)(43)(R) and (U), INA §

-16-

101(a)(43)(R) and (U).  As stated by the Second Circuit when

confronted by a similar argument:

> Absent any reasonable challenge to its
> validity, we think the clear language of the
> judgment of conviction should control the
> determination of what offense an alien
> actually committed.  A judgment of conviction
> is competent evidence.  In the immigration
> context, a number of circuits (including our
> own) have held that when a criminal statute is
> "divisible" into multiple categories of
> offense conduct -- some but not all of which
> constitute removable offenses -- a court may
> refer to the record of conviction,
> particularly the judgment of conviction, to
> determine whether the alien's criminal
> conviction falls within a category that would
> justify removal.

Kuhali, supra, 266 F.3d at 106.

Thus, contrary to Petitioner's position, we need not, and should

not, look to the statutory language alone to decide whether he

committed an aggravated felony.

Kuhali also takes care of Petitioner's contention,

improperly predicated on the disjunctive language of section 371,

that it is not clear whether he was guilty of conspiracy to

counterfeit or to forge.  The conjunctive language of the judgment

of conviction shows that he did both.  266 F.3d at 107.  In any

event, either conduct satisfies sections 1101(a)(43)(R) and (U),

INA § 101(a)(43)(R) and (U).  Compare Kuhali.

We also disagree with Wilson's contention that the indictment

could not be considered at the immigration hearing under section

1229a(c)(3)(B), INA § 240(c)(3)(B).  That section relates only to

-17-

what would constitute sufficient proof of conviction. While not itself constituting such proof, the indictment was certainly probative evidence relevant to the nature of Wilson's conviction. In this regard, Petitioner does not contest the accuracy of the immigration judge's recitation of the language of count one charging him with "conspiracy to utter and possess forged and counterfeited securities of an organization, to wit: checks from the Lyndon Baines Johnson Health Clinic, with the intent to deceive another person, an organization, in violation of 18 U.S. Code 513(a)."

We will issue an appropriate order.


William W. Caldwell
_____
WILLIAM W. CALDWELL
United States District Judge

Date: November   14   , 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLADWIN WILSON,                           :
                                          :
        Petitioner                        :
                                          :     CIVIL NO. 1:CV-01-1226
        vs.                               :
                                          :     (Judge Caldwell)
IMMIGRATION AND                           :
NATURALIZATION SERVICE,                   :
                                          :
        Respondent                        :

O R D E R

AND NOW, this /4   day of November, 2001, based on the

accompanying memorandum, it is ordered that:

    1.   The petition for a writ of habeas corpus under 28 U.S.C.
         § 2241 is denied.

    2.   The Clerk of Court shall close this file.

WILLIAM W. CALDWELL
United States District Judge



Certified from the record
Date ‖‖4‖01
Mary E. D'Andrea, Clerk
Per
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 14, 2001

Re:  1:01-cv-01226   Wilson v. Immigration and Nat

True and correct copies of the attached were mailed by the clerk
to the following:

    Gladwin Wilson
    176-12 Baisley Blvd.
    Springfield Garden, NY  11413

    Mary Catherine Frye, Esq.
    U.S. Attorney's Office
    Room 217 Federal Building
    228  Walnut St.
    Harrisburg, PA  17108

    Ernesto H. Molina Jr., Esq.
    Office of Immigration Litigation
    Civil Division
    U.S. Department of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, DC  20044

cc:
Judge                        ( ✓ )        ( ✓ ) Pro Se Law Clerk
Magistrate Judge             (  )         (  ) INS
U.S. Marshal                 (  )         (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  (  )   PA Atty Gen (  )
                                       DA of County (  )   Respondents (  )

Bankruptcy Court          (   )
Other_____(   )

MARY E. D'ANDREA, Clerk

DATE: _____11/14/01_____

BY: _____
Deputy Clerk